UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                             CRIMINAL NO. 17-20832

v.                                       HON. TERRENCE G. BERG

JASON DALE KECHEGO,

      Defendant.

---

### United States' Sentencing Memorandum

---

Defendant Jason Kechego stands convicted of possessing a stolen firearm, in violation of 18 U.S.C. § 922(j). For the reasons stated in this memorandum, and pursuant to the parties' Rule 11 plea agreement, the government recommends that a sentence of **120 months' imprisonment** is "sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008).

## I.     Facts and procedural history

A little over a year ago, Jason Kechego ran from the police. Wanted on a parole violation, and also a person of interest in a shooting investigation, Kechego garnered the attention of the Detroit Police that night. He also put countless lives in danger when he threw a loaded, stolen .45 caliber glock semi-automatic firearm on the roof of a building while he ran. Fortunately, the police found both Kechego and the firearm.

Charged with unlawfully possessing a firearm as an Armed Career Criminal, the defendant initially faced a 15 year mandatory minimum sentence. But through negotiations with the government, a Rule 11 plea agreement allowed for Kechego to plead to a lesser offense. The parties agreed that the sentence would be 120 months' imprisonment.

On June 14, 2018, the defendant pleaded guilty to possessing a stolen firearm. This Court accepted the plea. The PSR calculated defendant's guideline range to be the same as calculated in the Rule 11 plea agreement: 100 - 120 months' imprisonment, based on offense level 27, criminal history category IV. Neither party objected.

Sentencing is currently set for October 18, 2018, at 2:00 p.m.

## II. Section 3553(a) factors warrant a custodial sentence of 120 months

The Supreme Court has noted that, in formulating the Sentencing Guidelines, the U.S. Sentencing Commission's goal is to carry out the objectives of 18 U.S.C. § 3553(a). *United States v. Rita*, 551 U.S. 338 (2007). While advisory, the Guidelines remain an important factor in fashioning a just sentence. This is because "it is fair to assume that the Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve section 3553(a)'s objectives." *Id.* at 350. Moreover, the guidelines "should be the starting point and the initial benchmark" for choosing a defendant's sentence. *Gall v. United States*, 552 U.S. 38, 49 (2007).

### a. The nature and circumstances of the offense

This is an offense that should not be taken lightly. Placed in proper context, Kechego, while on parole, was running away from law enforcement and threw a stolen firearm up in the air, placing anyone in the vicinity at risk for harm. The circumstances surrounding this offense suggest that he has no desire to live as a law-abiding citizen.

### b. The history and characteristics of the defendant

The history and characteristics of this defendant warrant a 120 month sentence. He was raised in a home free of abuse or neglect, yet, chose to join a dangerous gang. His criminal history includes home invasions, possession of

Molotov cocktails, armed robbery, assault and battery, and even assaulting a prison employee while in custody.

    **c.    Seriousness of the offense, promotion of respect for the law, and just punishment for the offense**

As noted above, the circumstances of Kechego's offense should not be taken lightly. A just punishment for this particular defendant would be 120 months. This defendant has had almost a seamless record of police contact, criminal convictions, and problems adhering to the terms and conditions of his probation or parole. A guideline sentence will, hopefully, help him to hold the perspective on life that he needs to stay out of trouble.

    **d.    Adequate deterrence and protection of the public**

This defendant needs to be deterred, and a ten year sentence will, hopefully, be enough time for the defendant to learn to control his actions. The public deserves to be free from the fear that prohibited persons are carrying firearms in and around their community.

    **e.    Providing defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; kinds of sentences available and the need to avoid unwarranted sentencing disparities**

The Bureau of Prisons has the expertise to classify and assign Kechego to the appropriate facility. The government suggests that he take advantage of the programs offered by the Bureau of Prisons, such as anger management.

A top of the guideline sentence in this case fits comfortably within the range of sentences that similarly situated defendants receive.

**IV. Conclusion**

The government recommends a sentence of **120 months**' imprisonment.

        Respectfully submitted,

        MATTHEW SCHNEIDER
        United States Attorney

        *s/Margaret M. Smith*
        Assistant United States Attorney
        211 W. Fort Street, Suite 2001
        Detroit, MI 48226
        Phone: (313) 226-9135
        E-Mail: margaret.smith@usdoj.gov
        Bar No. P71413

Dated: October 11, 2018

## Certificate of Service

I certify that on Thursday, October 11, 2018, I electronically filed the Government's Sentencing Memorandum with the Clerk of the Court of the Eastern District of Michigan using the ECF system which will send notification of such filing to the following:

Todd Shanker

s/ *Margaret M. Smith*
Assistant U.S. Attorney
United States Attorney's Office
